361 P.2d 718

**In the Matter of Jack S. McGARRY.**

No. 6853.

Supreme Court of New Mexico.

May 3, 1961.

Robert S. Skinner, Raton, for Bar Commissioners.

Jack S. McGarry, pro se.

COMPTON, Chief Justice.

This matter comes on to be heard on the exceptions filed by the respondent to the report of the Board of Commissioners of the State Bar of New Mexico, sitting as referees of this court, recommending that respondent be disbarred for unprofessional conduct involving moral turpitude, in the following particulars:

"1. The said Jack McGarry was the subject of disbarment proceedings in 1957, as a result of which the Supreme Court of the State of New Mexico entered an order suspending him as a member of the Bar and ordering his name stricken from the roster of New Mexico attorneys, which order is still in full force and effect.

"2. Thereafter, on the 18th day of March, 1959, the said Jack McGarry entered a plea of guilty in the Court of Common Pleas of Ottawa County, Ohio, in cause No. 2055 to a charge of giving fraudulent checks, and received a suspended sentence for a period of five years.

"3. Thereafter, on the 13th day of January, 1960, the said Jack McGarry entered a plea of guilty in Justice of the Peace Court in Carlsbad, New Mexico, to a misdemeanor charge, involving the passing of a worthless check."

A hearing was held by the Board on April 28, 1960, at Albuquerque, at which time respondent was present and testified in his own behalf. He frankly admitted the charges contained in the accusation but offered evidence to the effect that the acts were committed during periods of blackouts due to hypoglycemia with which he was suffering.

The respondent having thus injected the issue of his mental capacity, the Board inquired of him if he cared to produce medical evidence in support of his assertions. He informed the Board that he did, and that he would like to take the deposition of Dr. Stillinger of the State Hospital at Las Vegas, New Mexico. Thereupon, the hearing was suspended. Dr. Stillinger's deposition was taken on August 5, 1960, at which time respondent participated.

The hearing resumed August 13, 1960, and after a consideration of the evidence, including the deposition of Dr. Stillinger, the Board found that respondent had committed the acts charged, and further found:

"4. That although, at the time of the commission of said acts, it appears that the said Jack S. McGarry may have been under the influence of al-

cohol, that such state was entered into voluntarily and that there has been no sufficient showing that any of the acts, when performed, were beyond the control of the accused or without his knowledge and that he was entirely responsible for same."

In view of respondent's admission his mental capacity becomes the crucial issue in this case; consequently, we have carefully considered the record as it relates to that issue and conclude that the findings are supported by clear and convincing evidence and should be adopted by this court.

The pertinent provisions of the applicable statute, § 18–1–17, 1953 Compilation, read:

"An attorney may be disbarred or suspended by the Supreme Court for any of the following causes arising after his admission to practice:

"(1) His conviction of felony or misdemeanor involving moral turpitude in which case the record of conviction is conclusive;  *  *  *"

It follows, therefore, that respondent's name should be stricken from the roll of attorneys of this court; that he should be precluded from practicing as an attorney in all the courts of this state; and that he should pay all costs of the proceeding, all pursuant to the provisions of §§ 18–1–20 and 18–1–21, 1953 Compilation.

It is so ordered.

CARMODY, CHAVEZ and MOISE, JJ., concur.

NOBLE, J., not participating.